UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv641-FDW

| GARY CLYDE KEEVER, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| HERB JACKSON, Superintendent, | ) |  |
| Brown Creek Correctional Institution, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon initial review of Gary Clyde Keever's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF No. 1.

## I. BACKGROUND

On April 20, 2011, Petitioner was convicted by a Mecklenburg County jury of six counts of obtaining property by false pretenses in violation of N.C.G.S. § 14–100, seven counts of making untrue statements or omissions of a material fact in connection with the offer or sale of a security in violation of N.C.G.S. § 78A–8(2), six counts of engaging in fraud or deceit in connection with the offer or sale of a security in violation of N.C.G.S. § 78A–8(3), one count of transacting business as a dealer or salesman in North Carolina who was not registered under the North Carolina Securities Act in violation of N.C.G.S. § 78A–36(a), and one count of selling a security in North Carolina that was not registered under the North Carolina Securities Act in violation of N.C.G.S. § 78A–24. State v. Keever, No. COA12–342, 2012 WL 4879367, at *1-2 (N.C. App. Oct. 16, 2012). The trial court consolidated all of the counts under three criminal complaint numbers and sentenced Petitioner to three consecutive terms of 116 to 149 months imprisonment. See id.

1

Petitioner sought discretionary review in the North Carolina Court of Appeals, which issued an opinion finding that no error had occurred. See id. at *5. Petitioner then sought discretionary review in the North Carolina Supreme Court, which was denied on January 24, 2013. Petitioner did not seek discretionary review in the United States Supreme Court.

Petitioner next filed a Motion for Appropriate Relief ("MAR") in Mecklenburg County Superior Court on June 5, 2013.[1] Consent Order, Habeas Pet. Att. #10 1, ECF No. 1. After reviewing the MAR and the record, the court found that with the exception of those alleging ineffective assistance of counsel, Petitioner's claims were procedurally barred because he could have raised them on direct review. MAR Ct. Order filed Feb. 19, 2014, Habeas Pet. Att. #8, ECF No. 1. The MAR court determined that an evidentiary hearing was required for the ineffective assistance of counsel claims. Habeas Pet. Att. #8, supra.

Prior to the evidentiary hearing, Petitioner and the State arrived at a plea agreement, which the MAR court memorialized in a Consent Order signed by Petitioner, his attorney, the attorney for the State, and the MAR court judge. Habeas Pet. Att. #10, supra. Pursuant to the plea agreement, the MAR court found that Petitioner's trial attorney had rendered ineffective assistance and that Petitioner had been denied his Sixth Amendment right to the effective assistance of counsel. Habeas Pet. Att. #10, supra, at ¶¶ 10-11. The MAR court granted Petitioner relief and vacated his convictions and sentences. Habeas Pet. Att. #10, supra, at ¶ 12(1).

Pursuant to the plea agreement, Petitioner entered an Alford plea on August 29, 2014 to all of the counts for which he previously had been found guilty. Judgment and Commitment

---

[1] The MAR court also lists August 7, 2013, as Petitioner's filing date. MAR Ct. Order filed Feb. 19, 2014, Habeas Pet. Att. #8, ECF No. 1.

Order, Habeas Pet. Att. #11, ECF No. 1.  Judgment was consolidated under one Class C felony count, and Petitioner was sentenced to a single 116-149 month term of imprisonment.  Habeas Pet. Att. #10, supra, at ¶ 12(1); Habeas Pet. Att. #11, supra.  Petitioner also was given credit for the time he already had served under his original sentence.  Habeas Pet. Att. #11, supra.  As part of the plea agreement, Petitioner waived his right to file a direct appeal or MAR challenging his convictions and sentence.  Habeas Pet. Att. #10, supra, at ¶ 8.

It appears from his habeas petition that Petitioner did not seek further relief in the state courts after judgment was entered on August 29, 2014.  The instant habeas petition was received in the district court on November 18, 2014 and docketed on November 19, 2014.  Petitioner raises 13 grounds for relief, all of which allege errors occurring during his April 2011 trial or ineffective assistance of trial counsel prior to or during his April 2011 trial.

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly.  Rule 4, 28 U.S.C.A. foll. § 2254.  When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion.  Id.

## III.    DISCUSSION

The federal habeas statute gives the United States district court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also 28 U.S.C. § 2254(a).  The Supreme Court has interpreted that language as requiring that the habeas petitioner be "in custody" under "the conviction or sentence under attack at the time his petition is filed."  Maleng

v. Cook, 490 U.S. 488, 490-91 (1989) (per curium) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

Petitioner seeks to have his August 29, 2014 convictions and sentence vacated. He does so, however, by attacking the constitutionality of his April 2011 convictions and sentences. Petitioner's 2011 convictions and sentences were vacated on constitutional grounds in August 2014. Habeas Pet. Att. #10, supra, at ¶¶ 10-12(1). Consequently, Petitioner was no longer "in custody" under his April 2011 convictions and sentences when he filed the instant § 2254 habeas petition in November 2014; he was "in custody" under his August 29, 2014 convictions and sentence. See e.g. Maleng, 490 U.S. at 492-93 ("When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'"). Therefore, this Court does not have jurisdiction to consider the constitutionality of Petitioner's 2011 convictions and sentences because he was no longer in custody under those convictions and sentences when he filed his § 2254 habeas petition. See Maleng, 490 U.S. at 490-91.

Furthermore, the issues raised in the petition are moot. The jurisdiction of the federal courts under Article III of the United States Constitution is limited to ongoing cases and controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). If there is no viable legal issue left to resolve, or if the relief sought by a party has already been received, a case becomes moot and the court no longer possesses jurisdiction over it. See Powell v. McCormack, 395 U.S. 486, 496 (1969).

4

Here, the MAR court found that Petitioner had suffered an actual constitutional injury, and it granted Petitioner the relief he sought by vacating his 2011 convictions and sentences. In other words, Petitioner's "injury" already has been "redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted). Unless Petitioner demonstrates that "'some concrete and continuing injury . . . —some 'collateral consequence'" of the 2011 convictions exists, this Court cannot provide him any relief that the MAR court has not already granted. Id.

Neither Petitioner's 2014 convictions nor sentence constitutes a continuing injury or collateral consequence of his 2011 convictions. Petitioner currently is incarcerated because of his Alford plea to the charges against him, not because he was convicted in 2011 in violation of the constitution. Furthermore, he was given credit toward his current sentence for the time he already had served under the 2011 sentences, and his current sentence was not enhanced by his unconstitutional 2011 convictions. Petitioner himself has not identified any continuing harm from his 2011 convictions and sentences.

## IV:     CONCLUSION

The Court is without jurisdiction to consider the merits of Petitioner's § 2254 petition. Petitioner challenges only the constitutionality of his 2011 convictions. The constitutionality of those convictions was resolved in Petitioner's favor by the state court when it vacated the convictions and sentences. Therefore, the claims raised in the instant petition are moot. See Powell, 395 U.S. at 496. Additionally, when Petitioner filed his § 2254 habeas petition, he was in custody pursuant to his 2014 convictions and sentence, not his 2011 convictions. See Maleng, 490 U.S. at 490-91. Consequently, the instant § 2254 petition will be dismissed.

5

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus, ECF. No 1, is **DISMISSED**.

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 9, 2015

Frank D. Whitney
Chief United States District Judge